Safford vs. Conan.

SAFFORD, Respondent, vs. CONAN, Appellant.

*September 12 — October 2, 1894.*

*Tax titles: Deed prematurely issued: Findings: Clerical error: Contradiction: Bill of exceptions.*

1. In ejectment a finding that a tax deed executed in 1886, upon which plaintiff's title rests, was founded on a certificate of the sale of the land for the taxes of 1883, does not sustain a judgment for the plaintiff, since it shows that the deed conveys no title because issued within three years from the date of the sale, which could not have taken place earlier than May, 1884.
2. In the absence of a bill of exceptions, this court cannot treat the statement as to the taxes of 1883 as a clerical error, and assume that the taxes of 1882 were meant; nor, if the statement is contradicted by the other findings, can it determine which finding is correct.

APPEAL from the Circuit Court for *Douglas* County. Ejectment. The facts are stated in the opinion.

*Champ Green,* for the appellant.

For the respondent there was a brief by *Swift, Murphy & Bundy,* and oral argument by *W. P. Swift.*

WINSLOW, J. This is an action of ejectment tried by the court. There is no bill of exceptions. The plaintiff recovered judgment. His title rests on a tax deed executed September 21, 1886. The court, among other findings,

found that this tax deed was founded on a tax certificate issued for the sale of the lands in controversy for the taxes of 1883. This amounts to a finding that the sale upon which the deed is based took place not earlier than May, 1884. If this was the fact, the deed conveyed no title, because it was issued within three years from the date of the sale. *Whittlesey v. Hoppenyan,* 72 Wis. 140. It was urged that the fact was that this deed was founded upon the tax of 1882, and that the statement in the findings is a clerical error; but we have not the evidence before us, and so the finding must be treated as a verity. It is said, also, that this finding is contradicted by certain other findings in the case. Even if this be so, we cannot, in the absence of the evidence, determine which finding is correct. We can reject one no more than we can another. No course is open but to reverse the judgment, because the findings show that the plaintiff had no title. Inasmuch as it was seriously claimed that this finding was a mistake, a new trial will be awarded.

*By the Court.*— Judgment reversed, and action remanded for a new trial.